# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:13-00081 |
| | ) | Judge Trauger |
| | ) | |
| BRIAN SCOTT BOTTOMS | ) | |

## MEMORANDUM and ORDER

The defendant has filed a Motion to Dismiss For Spoliation of Evidence (Docket No. 37), to which the government has responded in opposition (Docket No. 38).

The defendant is charged with threatening an employee of the Social Security office located in Murfreesboro, Tennessee, on June 1, 2012. He alleges in this motion that a videotape existed "of the entire episode," that the videotape would establish his innocence, and that the government has destroyed it, in violation of his due process rights. The government represents to the court that the recording equipment at this Social Security office records only video, not audio, and that no camera was positioned to record the interaction between the defendant and the allegedly threatened employee. It is undisputed that the defendant did not formally request this recording until July 9, 2012 but that, by that time, the video had been automatically deleted from the system, as it is the policy and practice of this Social Security office to delete the video after 9 days, unless it is preserved for some reason.

The defendant's brief correctly sets forth the law in the area of spoliation of evidence in criminal cases, about which the parties seem to agree. Where the government fails to preserve evidence "whose exculpatory value is indeterminate or only 'potentially useful' to defendant . . .,

1

the defendant must show:

>   (1) that the government acted in bad faith in failing to preserve the evidence;
>
>   (2) that the exculpatory value of the evidence was apparent before its destruction; and
>
>   (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other reasonably available means."

*United States v. Jobson*, 102 F.3d 214, 218 (6th Cir. 1996) (internal citations omitted); *United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001); *Monzo v. Edwards*, 281 F.3d 568, 580 (6th Cir. 2002).

In *United States v. Jobson*, the defendant filed a motion to dismiss the indictment charging him with being a felon in possession of a firearm on the ground that the government had destroyed a radio dispatch tape that he alleged would have corroborated his claim that he was not seen by police carrying a gun. Despite the court's criticism of the Assistant United States Attorney for failing to respond to a discovery request in a timely manner (which would have preserved the evidence), the court found that, because neither the police nor the federal prosecutor "suspected that the tape was exculpatory," and because it was erased pursuant to routine police department policy, there was no due process violation. 102 F.3d at 218. In *Jobson*, the discovery request came sufficiently in time to have caused the preservation of the tape, had the Assistant United States Attorney noted the request when it was made. Here, the request was not even made until after the videotape had been destroyed pursuant to customary policy. The *Jobson* court went on to state: "Though the government was negligent, perhaps even grossly negligent, in failing to preserve the tape, there is no evidence that it acted in bad faith."

2

*Id.* (internal citations omitted)  There can be no doubt that the factual situation presented in this case is so analogous to the factual situation presented in *Jobson* that the "potentially useful test" is the proper test to be applied.  In both cases, the defendant claimed that an audio or video tape that had been destroyed would have supported his view of the facts and been exculpatory.

Whether or not there was bad faith in failing to preserve the evidence, the first prong of this test "must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988).  Here, the prosecutor apparently was unaware even of the existence of a videotape system before the defendant's request, and the Social Security office employees, who were witnesses to the defendant's actions, obviously would not have considered a video of those actions exculpatory.  In addition, there apparently was no video of the relevant portion of the office, where the threat was actually made.

The defendant has failed to establish that the government acted in bad faith in failing to preserve the evidence or that the exculpatory value of the evidence was apparent before its destruction, the first two prongs of the relevant spoliation test.  It is unnecessary, therefore, to analyze the third prong, as all three must be established.  There was no due process violation in the destruction of the videotape and, therefore, the defendant's Motion to Dismiss is **DENIED**.

It is so **ORDERED**.

ENTER this 23rd day of August 2013.

ALETA A. TRAUGER
U.S. District Judge