# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　)　　　**Case No. 3:13-cr-00081**
　　　v.　　　　　　　　　　　　　)　　　**Judge Aleta A. Trauger**
　　　　　　　　　　　　　　　　　)
BRIAN SCOTT BOTTOMS,　　　　　　 )

## <u>ORDER</u>

On August 14, 2013, defendant Brian Bottoms, represented by counsel at the time, filed a Motion to Dismiss for Spoilation [sic] of Evidence (Docket No. 37), contending that the Indictment should be dismissed because the government had failed to preserve an allegedly exculpatory videotape from the Social Security office dated June 1, 2011. In an August 23, 2013 Memorandum and Order (Docket No. 41), the court denied the motion, finding that Bottoms had failed to establish, as required by the relevant spoliation test, (1) that the government acted in bad faith in failing to preserve the evidence, or (2) that the exculpatory value of this evidence was apparent before its destruction. Bottoms, who is now proceeding *pro se*,[1] has filed a so-styled Motion to Reconsider Dismissal Based on Spoilation [sic] of Exculpatory Evidence (Docket Nos. 48 and 63),[2] to which the government has filed a Response in opposition (Docket No. 70).

In his Motion to Reconsider, Bottoms raises additional facts which, he contends, show that reconsideration of the court's previous findings is warranted. However, none of the

---

[1]On February 2, 2014, following a hearing on January 31, 2014, the court permitted Bottoms to proceed *pro se*. (Docket Nos. 68 and 69.)

[2]The second of these two documents is styled as an "Additional Motion and Memorandum to Dismiss Indictment Based on Spoilation [sic]." Although this entry was styled and docketed as a separate motion, it essentially seeks the same relief and relates to the same subject matter as the earlier-filed "Motion to Reconsider." The court will treat the arguments raised in both of Bottoms' *pro se* filings collectively.

additional proposed facts impact the court's previous analysis and ultimate conclusion.

First, most of the asserted facts are not relevant to a spoliation analysis, including whether the alleged victim (an employee at the Social Security Office ("SSO")) told Bottoms not to record their conversation, whether the victim and an eyewitness gave (allegedly) inconsistent accounts about precisely what Bottoms said to the alleged victim, whether Bottoms knowingly gave consent to the search of his apartment,[3] and the fact that Bottoms went to the Social Security office to press charges against his payee, Linda Hamilton. Similarly, Bottoms' complaint that multiple witnesses, the prosecutors, and even the court have acted in "bad faith" are unfounded and/or irrelevant. For example, Bottoms complains that the victim and her supervisor refused to prosecute Hamilton for improperly appropriating Bottoms' Social Security payments, facts that, even if true, have no apparent bearing on whether the government in bad faith failed to preserve the June 2012 SSO video, which the court found would not have depicted the relevant events, in any case.

Second, the last of the remaining asserted facts, although conceivably relevant to the issue of spoliation, does not change the court's original conclusion. Even if Officer Wall told Bottoms that there were no video cameras at the SSO, it does not negate the court's original findings that (1) it is "undisputed that the defendant did not formally request [the] tape until July 9, 2012, but that, by that time, the video had been automatically deleted from the system," (2) there was no video of the relevant portion of the SSO, and (3) the SSO employees would not have considered the video of the actions to be exculpatory, in any case. (Docket No. 41 at p. 1.)

---

[3]The government states that it does not intend to present evidence obtained the search of Bottoms' apartment in its case in chief, in any case.

In sum, Bottoms has not shown grounds for reconsideration of the court's previous refusal to dismiss the Indictment because of alleged spoliation. Therefore, the Motion to Reconsider is hereby **DENIED**. Accordingly, the clerk is directed to term Docket Nos. 48 and 63.

It is so **ORDERED**.

Enter this 12th day of February 2014.

ALETA A. TRAUGER
United States District Judge